ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EPIC SYSTEMS CORPORATION, | § |
| | § |
| Plaintiff, | § |
| | § Case No. 4-02C |
| v. | § |
| | § |
| ALLCARE HEALTH MANAGEMENT SYSTEM, INC., | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, Epic Systems Corporation ("Epic"), by its attorneys, complaining of Defendant Allcare Health Management System, Inc. ("Allcare") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Epic is a Wisconsin corporation with its principal place of business located in Madison, Wisconsin.

2. Allcare is a Delaware corporation with its principal place of business located in Fort Worth, Texas.

3. Jurisdiction for this matter is based upon 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states and this matter involves an actual controversy under 28 U.S.C. § 2201.

4. Venue for this matter is proper in this District under 28 U.S.C. § 1391(a).

## FACTS

5. On or about August 6, 1999, Epic and Allcare entered into a contract entitled Allcare Health Management System License Agreement (hereinafter referred to as the "License Agreement").

6. Under the terms of the License Agreement, Allcare granted Epic a non-exclusive, non-transferable, limited license under U.S. Patent No. 5,301,105.

7. Under the terms of the License Agreement, Epic paid and continues to pay annual royalties and additional royalties to Allcare based upon a specified formula.

8. Under the terms of the License Agreement, Epic has the right to substitute the financial terms of any license that Allcare grants to any third parties in the same field of use as Epic, if the financial terms of the third party license are more favorable to the third party licensee than the financial terms in the License Agreement between Epic and Allcare.

9. Paragraph R-3.1.a. of the License Agreement provides, in part,:

> "a. If after the Effective Date, Licensor shall enter into a License Agreement with any third party in the same Field of Use as Licensee ("Third Party License" and "Third Party Licensee", respectively) on financial terms that are more favorable to such Third Party Licensee than the financial terms set forth in this Agreement, Licensee shall be entitled to substitute the financial terms of such Third Party License for the counterpart or equivalent terms herein, provided that this License Agreement has been in effect continuously since the Effective Date and provided further that all such financial terms in such Third Party License are more favorable to the Third Party Licensee than the counterpart or equivalent terms in the License Agreement are to Licensee hereunder. If less than all financial terms in such Third Party License are more favorable, Licensee shall be entitled to substitute the more favorable terms for the counterpart or equivalent terms in

this Agreement, if Licensee also substitutes those terms which are not more favorable. . . ."

10. Allcare has entered into licenses with third parties in the same field of use as Epic.

11. The licenses that Allcare has entered into with third parties in the same field of use as Epic contain financial terms that are more favorable to the third party licensees than the financial terms in the License Agreement between Epic and Allcare.

12. Epic has requested from Allcare, under appropriate confidentiality protections, information regarding all of the licenses that Allcare has entered into with third parties in the same field of use as Epic.

13. Allcare has refused to provide all of the requested information to Epic.

14. Allcare did, however, inform Epic about the financial terms of one of the licenses that Allcare entered into with third parties in the same field of use as Epic. The license was entered into by Allcare and MedicaLogic. Allcare has not produced the license with MedicaLogic to Epic.

15. According to the information furnished to Epic by Allcare, the financial terms in the license that Allcare granted to MedicaLogic are more favorable than the financial terms in the License Agreement between Epic and Allcare.

16. On October 30, 2001, Epic exercised its right under Paragraph R-3.1. of the License Agreement to substitute the financial terms in the License Agreement with the financial terms provided by Allcare to MedicaLogic.

17. At the time of Epic's exercise of its right under Paragraph R-3.1., Epic had

substantially complied with all of the terms of the License Agreement and the License Agreement had been in effect continuously since August 6, 1999, the effective date of the License Agreement.

18. Allcare has refused to honor Epic's exercise of its rights and continues to insist that Epic is bound by the financial terms in the License Agreement.

19. Epic has demanded that Allcare comply with the terms of the License Agreement and Allcare has refused to do so.

## CAUSES OF ACTION

### Count One – Declaratory Judgment

20. Epic repeats and re-alleges each and every allegation in Paragraphs 1-19 above.

21. There is a current controversy between Epic and Allcare regarding the meaning and import of Paragraph R-3.1. of the License Agreement.

22. Epic believes that Paragraph R-3.1. of the License Agreement entitles Epic to elect the financial terms of any third party license granted by Allcare to a third party in the same field of use as Epic provided the financial terms are more favorable in the third party license than those in the License Agreement between Epic and Allcare and Epic satisfies the remainder of the terms of Paragraph R-3.1. of the License Agreement and Epics wants to exercise its rights.

23. Allcare has refused to honor Epic's election and acknowledge Epic's rights under the License Agreement.

24. Accordingly, Epic requests that the Court determine the meaning and import of Paragraph R-3.1. of the License Agreement and direct the parties accordingly, including, but not limited to whether Epic has the right to substitute the specific financial terms of any one of the licenses that Allcare has entered into with any third party in the same field of use with the financial terms in the License Agreement.

## Count Two – Breach of Contract

25. Epic repeats and re-alleges each and every allegation in Paragraphs 1-24 above.

26. Allcare has breached the License Agreement by its conduct set forth above.

27. Allcare has failed to recognize Epic's exercise of its rights under Paragraph R-3.1. of the License Agreement.

28. Allcare has failed to provide Epic with information regarding the financial terms of the licenses that Allcare has entered into with third parties in the same field of use as Epic.

29. Allcare's breach of the License Agreement has damaged Epic in an amount to be determined at trial which includes, but is not limited to, all amounts that Epic has overpaid Allcare plus interest.

WHEREFORE, Epic demands judgment on all its causes of action in the Complaint and requests that the Court:

1. declare that Epic has the right under Paragraph R-3.1. of the License Agreement to substitute the financial terms of any license that Allcare entered into with any third party in the

same field of use as Epic if the terms of any such license are more favorable than the financial terms in the License Agreement between Epic and Allcare;

2. declare that all amounts that Epic has paid to date to Allcare under the License Agreement shall be applied against any amounts specified in the financial terms of any of the licenses that Allcare entered into with any third party in the same field of use as Epic if the terms of any such license are more favorable than the financial terms in the License Agreement between Epic and Allcare and Epic elects those financial terms;

3. direct Allcare to honor Epic's rights under Paragraph R-3.1. of the License Agreement;

4. award Epic damages for Allcare's breach of the License Agreement, including, but not limited to, all amounts that Epic has overpaid Allcare plus interest; and

5. award Epic its costs, expenses, interest, attorneys' fees, and such other and further relief as the Court deems appropriate.

Respectfully submitted,

*[signature]*

Thomas J. Williams
State Bar No. 21578500
John Reding
State Bar No. 00797294
HAYNES AND BOONE, LLP
201 Main Street, Suite 2200
Fort Worth, Texas 76102
Telephone: 817-347-6600
Telecopier: 817-347-6650

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Nicholas J. Seay
Anthony A. Tomaselli
Quarles & Brady LLP
One South Pinckney Street, Suite 600
P.O. Box 2113
Madison, Wisconsin 53703
Telephone: 608-251-5000
Telecopier: 608-251-9166