ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

EPIC SYSTEMS CORPORATION,

        Plaintiff,

v.

ALLCARE HEALTH MANAGEMENT
SYSTEM, INC.

        Defendant.

§
§
§
§
§
§
§
§
§
§

Case No. 4-02CV-161-A

## ANSWER OF ALLCARE HEALTH MANAGEMENT SYSTEM, INC.

Defendant ALLCARE HEALTH MANAGEMENT SYSTEM, INC. ("Allcare") hereby answers the Complaint of Plaintiff EPIC SYSTEMS CORPORATION ("Epic") dated February 21, 2002 by responding to the corresponding numbered paragraphs of the Complaint as follows:

### PARTIES, JURISDICTION, VENUE AND FACTS

1.     Allcare admits, on information and belief, the allegations set forth in Paragraph 1.

2.     Allcare admits the allegations set forth in Paragraph 2.

3.     Allcare admits the allegations set forth in Paragraph 3.

4.     Allcare admits the allegations set forth in Paragraph 4.

5.     Allcare admits the allegations set forth in Paragraph 5 and that this action arises under the Allcare Health Management System License Agreement by and between Allcare and Epic dated August 6, 1999 (the "License Agreement").

6.     Allcare admits the allegations set forth in Paragraph 6.

7.     Allcare admits the allegations set forth in Paragraph 7, but states that such allegations

1

are incomplete in the context in which they are stated.

8.     Allcare admits that under the terms of the License Agreement, Epic has the right (subject to the limitations expressly set forth in Paragraph R-3.1.a.) to substitute the financial terms of a Third Party License for "the counterpart or equivalent terms" of the License Agreement between Allcare and Epic.  However, Paragraph R-3.1.b. of the License Agreement expressly defines "financial terms" to be the annual royalty payment for Licensee and, at Licensee's discretion in lieu of the notice obligation under Paragraph A-5.4., a quarterly royalty payment to further extend certain terms of the license to Epic's customers.  The License Agreement speaks for itself; and to the extent the allegations set forth in Paragraph 8 are not expressly admitted, such allegations are denied.

9.     Allcare admits that, as set forth in Paragraph 9, Epic has quoted a part of Paragraph R-3.1.a. of the License Agreement.

10.     Allcare admits the allegations set forth in Paragraph 10.

11.     Allcare is uncertain as to Epic's use of "financial terms."  Allcare admits that it has entered into a number of license agreements with third parties, and that such agreements do not contain the identical terms of the License Agreement.  However, Allcare denies the remaining allegations set forth in Paragraph 11, specifically to the extent that Epic attempts to broaden the term "financial terms" beyond the plain meaning set forth in Paragraph R-3.1.b. of the License Agreement.

12.     Allcare admits the allegations set forth in Paragraph 12.

13.     Allcare admits the allegations set forth in Paragraph 13, but states that it has done so because such agreements are subject to their own confidentiality provisions and do not contain financial terms as defined in Paragraph R-3.1.b. of the License Agreement.

2

14.    Allcare admits that it informed Epic of the existence of a settlement agreement with MedicaLogic, Inc., but based on information and belief denies that it informed Epic of the specific terms of such settlement agreement other than the fact that such agreement was based on MedicaLogic's payment of a single, up-front lump sum as final settlement of that certain civil action, entitled Allcare Health Management System, Inc. v. Cerner Corporation et al., Civil Action No. 499-CV-0464-Y. Allcare admits it has not produced its agreement with MedicaLogic to Epic, as set forth in Paragraph 14, and states that such agreement expressly prohibits such production, except based upon the consent of MedicaLogic, under a protective order entered by a court, or as required by law. Allcare states further that such settlement agreement does not contain "financial terms" as the term is defined in Paragraph R-3.1.b. of the License Agreement.

15.    Allcare denies the allegations set forth in Paragraph 15.

16.    Allcare agrees that on October 30, 2001, Epic purported to exercise its rights under Paragraph R-3.1. of the License Agreement, but otherwise denies all of the allegations set forth in Paragraph 16 inasmuch as Epic did not have the right to substitute the financial terms in the License Agreement with the terms of Allcare's settlement agreement with MedicaLogic.

17.    Allcare denies that Epic's purported exercise constitutes an effective exercise under the express terms of the License Agreement and has communicated this to Epic. Otherwise Allcare admits the allegations set forth in Paragraph 17.

18.    Allcare agrees that it continues to insist that Epic is bound by the financial terms of the License Agreement, but otherwise denies the allegations set forth in Paragraph 18 because, in the absence of a third party licensee receiving more favorable counterpart or equivalent "financial terms" as defined in the License Agreement, under the express language of the License Agreement, Epic did not have the right to exercise the rights under the License Agreement's Paragraph R-3.1.

3

19.    Allcare admits that Epic made demand as alleged in Paragraph 19 but denies the remainder of Paragraph 19.

## CAUSES OF ACTION

### Count One - Declaratory Judgment

20.    Paragraph 20 does not require a response.

21.    Allcare admits the allegations set forth in Paragraph 21.

22.    Allcare is without sufficient information to admit or deny the allegations set forth in Paragraph 22 as such allegations relate to the beliefs of Epic.

23.    Allcare admits that it has refused to accept Epic's purported exercise as effective under the terms of the License Agreement but otherwise denies the allegations set forth in Paragraph 23 because, as worded, Paragraph 23 implies that Epic properly made an election under Paragraph R-3.1. thereof.

24.    Allcare admits the allegations set forth in Paragraph 24 in a general sense but denies that Epic currently has the right to do so.

### Count Two - Breach of Contract

25.    Paragraph 25 does not require a response.

26.    Allcare denies the allegations set forth in Paragraph 26.

27.    Allcare agrees that it has treated Epic's purported exercise as ineffective based on the terms of the License Agreement, but otherwise denies the allegations set forth in Paragraph 27 because, as worded, paragraph 27 implies that Epic currently has the right to make such an election.

28.    Allcare agrees that it has not provided Epic with copies of any agreements it has entered into with third parties, but denies the allegations set forth in Paragraph 28 because as worded, paragraph 28 implies that Allcare is required to do so.

4

29.     Allcare denies the allegations set forth in Paragraph 29.

30.     Allcare denies that Epic is entitled to any of the relief it seeks as described in its prayer.

## AFFIRMATIVE DEFENSES

31.     Allcare states that under the express terms of Paragraph R-3.1. of the License Agreement, a single, up front, lump-sum payment is not a counterpart or equivalent "financial term" for annual royalty payments or the right (but not the obligation) to make additional quarterly royalty payments to extend certain express terms of the License Agreement to Epic's customers in lieu of the continuing notice obligation under Paragraph A-5.4. of the License Agreement.

32.     The provisions of Paragraph R-3.1. of the License Agreement state expressly:

> "…The foregoing terms notwithstanding, this provision shall not apply with respect to any Third Party License: (i) to a U.S. government agency or health care program such as HCFA, DOD, VA or Medicare, or (ii) which relates to, in whole or in part, the sale or provision of equipment goods or services to, for or by any such agency or program."

33.     The provisions of Paragraph A-6 of the License Agreement state expressly:

> "Licensor shall incur no liability to Licensee … by reason of any settlement to which Licensor may agree."

34.     Epic's claims are barred by the doctrine of waiver for the reason that in connection with the entry of the License Agreement, Epic chose a running royalty arrangement in lieu of a single, up front, lump-sum payment and its attendant risks.

35.     Epic's claims are barred by the doctrine of estoppel for the reason that the License Agreement, by defining the term "financial terms," specifically precludes Epic from substituting a single, up front, lump-sum payment for running royalty payments.  Hence, Epic is now estopped

5

by the principles of contract and equity from asserting an additional right not afforded it by the

parties agreement.

      WHEREFORE, PREMISES CONSIDERED, Allcare prays that a take nothing judgment be

entered against Epic in this matter, that Allcare be awarded its attorney's fees and costs in defending

against this matter and that Allcare be awarded all other relief it is justly entitled at law or in equity.

      Respectfully submitted,

Jonathan T. Suder
Edward R. Nelson, III
FRIEDMAN, SUDER & COOKE, P.C.
*Temporary Physical Address*:
500 West Seventh Street, Suite 700
Fort Worth, Texas 76102
*Mailing Address*:
P.O. Box 2508
Fort Worth, Texas 76113
(817) 334-0400
(817) 334-0401 (fax)

ATTORNEY FOR DEFENDANT ALLCARE
HEALTH MANAGEMENT SYSTEM, INC.

## CERTIFICATE OF SERVICE

      This will certify that a true and correct copy of the above and foregoing document has been
served, via certified mail, return receipt requested, as follows:

Thomas J. Williams
HAYNES AND BOONE, LLP
201 Main Street, Suite 2200
Fort Worth, Texas 76102

Signed this the _19_ day of April, 2002.

Jonathan T. Suder

6